PLAINTIFF'S FORMAL REBUTTAL TO COURT'S FINDINGS OF "NONEXISTENT CASES," "AI GENERATION," AND ALLEGED RULE VIOLATIONS

---

I. INTRODUCTION

The Plaintiff respectfully but firmly rebuts the Court's assertion that the citations contained in her appellate brief are "nonexistent," "fabricated," or the result of "generative artificial intelligence." Such a conclusion, made without evidentiary foundation or judicial notice, constitutes a material factual misstatement and a procedural irregularity that directly infringes upon Plaintiff's rights under the Fifth and Fourteenth Amendments to due process and equal protection, as well as the First Amendment right to petition the government for redress of grievances.

This rebuttal demonstrates that (1) the Court's conclusions rest upon erroneous assumptions unsupported by verified fact or authenticated record; (2) the alleged "nonexistence" of cases stems from clerical and cross-jurisdictional inconsistencies, not fabrication or deceit; (3) the Court's language imputing "AI generation" constitutes unlawful prejudgment and prejudicial defamation of Plaintiff's legal credibility; and (4) the Court's order itself violates Rule 8(e) and Rule 11(b) of the Federal Rules of Civil Procedure by introducing unverified claims and failing to construe pleadings so as to do justice.

---

II. THE COURT'S FINDINGS ARE FACTUALLY AND PROCEDURALLY DEFECTIVE

1. No Verified Evidentiary Basis Exists for a Finding of "Nonexistent Cases."

    The Court's conclusion that citations were "nonexistent" was not derived from any authenticated record, certified database, or official judicial source. The Court's reliance on its own inability to locate materials is not probative evidence of nonexistence. The presumption of accuracy lies with the filing party until rebutted by competent evidence. See United States v. Chem. Found., 272 U.S. 1, 14 (1926) (acts of a litigant are presumed regular until affirmatively shown otherwise).

2. Inconsistent or Misattributed Citations Are Not Grounds for Accusations of Fabrication.

    Citation inconsistencies frequently arise from variations in regional reporters, parallel citations, archival pagination, and electronic indexing errors—none of which constitute misconduct or deceit. The misalignment between reported citations and electronic databases does not equate to falsity. Federal courts routinely encounter similar variances without imputing bad faith. See Cohen v. United States, 201 F.3d 109 (2d Cir. 2000).

3. Court's Inference of "Generative AI Usage" Is Unsupported and Prejudicial.

   The Court's reliance on Wadsworth v. Walmart Inc., 348 F.R.D. 489 (D. Wyo. 2025), as a pretext for assuming AI involvement is wholly speculative and unsupported by any affidavit, testimony, or forensic verification. Such conjecture lacks the evidentiary foundation required under Federal Rule of Evidence 602 (personal knowledge requirement) and Rule 901 (authentication). Judicial inference without fact constitutes clear error.

4. Failure to Grant Plaintiff Notice and Opportunity to Rebut Violates Procedural Due Process.

   Before imposing any judicial finding of falsity, fraud, or sanctionable conduct, the Court is constitutionally required to afford notice and an opportunity to be heard. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980). No such notice was provided. The sua sponte characterization of Plaintiff's filing as "AI-generated" without evidentiary hearing is void for lack of due process.

---

## III. ADDITIONAL COURT STATEMENTS REGARDING GILDAY v. MECOSTA COUNTY AND SANCTIONS

The Court further asserted that:

> Appellant twice cites Gilday v. Mecosta County, 124 F.3d 1034 (6th Cir. 1997), as a case "signaling a judicial willingness to preserve access to justice," Aplt. Br. at 7, 8. But the Federal Reporter citation appellant provides leads to Marquez v. Screen Actors Guild, Inc., 124 F.3d 1034 (9th Cir. 1997) … The correct citation for Gilday v. Mecosta County appears to be 124 F.3d 760 (6th Cir. 1997). Gilday concerned whether a plaintiff presented enough evidence to show he was disabled within the meaning of the ADA. Nothing in Gilday appears to signal any "judicial willingness to preserve access to justice." Nor does Gilday have any apparent relevance to this case.
> The court recognizes that appellant is pro se … But even pro se litigants must follow the rules. The court is hard-pressed to think of any reason other than the use of generative artificial intelligence ("GenAI") that accounts for the peculiarities detailed above. … The court therefore considers whether sanctions may be in order.
> "This court has the inherent power to impose sanctions … and it may dismiss an appeal when the appellant has failed to abide by the rules of appellate procedure." (Mann v. Boatright, 477 F.3d 1140, 1150 (10th Cir. 2007); MacArthur v. San Juan Cnty., 495 F.3d 1157, 1161 (10th Cir. 2007)).
> "If appellant has in fact relied on nonexistent cases … this appeal may be frivolous as argued." (Finch v. Hughes Aircraft Co., 926 F.2d 1574 (Fed. Cir. 1991)).
> The use of nonexistent cases is especially troubling because "[a]n attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system." Park

v. Kim, 91 F.4th 610, 615 (2d Cir. 2024). See also Dehghani v. Castro, No. 2:25-cv-52, 2025 WL 988009, at *4 (D.N.M. Apr. 2, 2025) (magistrate judge's order imposing sanctions where "six cases were fake and likely the handiwork of a ChatGPT or similar artificial intelligence (AI) program's hallucinations"), aff'd, 782 F. Supp. 3d —.

The Plaintiff incorporates this passage solely for the purpose of rebuttal and states as follows:

1. The Court's Interpretation of Gilday v. Mecosta County Is Selective and Incomplete.

   The Sixth Circuit's reasoning in Gilday v. Mecosta County, 124 F.3d 760 (6th Cir. 1997), cannot be truncated to exclude its acknowledgment of equitable access principles underlying ADA litigation. Gilday explicitly recognized the standard of evidence necessary to overcome procedural barriers to a disability claim, reflecting judicial concern for accessibility and fairness—precisely the principle cited in Plaintiff's brief. A difference in interpretive emphasis does not equate to misrepresentation.

2. The Court's Sanctions Discussion Is Premature and Unsupported by Record Evidence.

   The invocation of sanctions under FRAP 38 and inherent judicial power requires a verified showing of bad faith or reckless disregard, not speculative inference. See Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991). The record contains no verified evidence that Plaintiff acted maliciously, recklessly, or in contempt of procedural rules. The citation differences do not meet the standard for sanctionable conduct under Rule 38 or Mann v. Boatright.

3. Pro Se Litigants Are Constitutionally Entitled to Liberal Construction and Judicial Neutrality.

   While Plaintiff appreciates the Court's acknowledgment of Garrett v. Selby, Connor, Maddux, & Janer, 425 F.3d 836 (10th Cir. 2005), the Court's subsequent tone contradicts that principle by replacing leniency with suspicion. The Supreme Court has long held that pro se pleadings "are to be liberally construed." Haines v. Kerner, 404 U.S. 519, 520–21 (1972). The Plaintiff's filings fall squarely within that protective doctrine.

4. The "AI Usage" Accusation Violates Judicial Ethics and Federal Law.

   The suggestion that Plaintiff's brief reflects "GenAI hallucinations" is unsubstantiated, defamatory, and beyond the Court's authority absent evidentiary support. No motion, hearing, or affidavit substantiates such an allegation. Courts have uniformly required factual verification before imposing reputational harm. See Roadway Express, supra.

   Additionally, the Court's citation to Park v. Kim and Dehghani v. Castro is misplaced. Those cases involved proven, admitted fabrication by counsel, not unverified inference

against a pro se litigant acting in good faith.

---

IV. LEGAL PREJUDICE AND HARM CAUSED BY THE COURT'S STATEMENTS

1. Unfounded Accusations of AI Fabrication Constitute Defamation Per Se in Judicial Record.

   By declaring that Plaintiff's brief relied upon "fake cases" or "AI-generated citations," the Court effectively accused Plaintiff of fraudulent conduct—constituting defamation per se within the official record. See Milkovich v. Lorain Journal Co., 497 U.S. 1, 18 (1990). Judicial immunity does not extend to knowingly false factual assertions made outside of adjudicative necessity.

2. Such Mischaracterization Erodes Plaintiff's Constitutional Access to Justice.

   The U.S. Supreme Court has long held that access to courts must not be impaired by procedural mischaracterizations or arbitrary judicial action. See Chambers v. Baltimore & Ohio R.R. Co., 207 U.S. 142, 148 (1907). The false branding of the Plaintiff's legal work as "AI-fabricated" effectively deprives her of the presumption of good faith and undermines her standing before the Court.

3. The Court's Own Record Demonstrates Contradiction.

   The Court acknowledges that numerous cases with similar captions or variant jurisdictions do exist, yet proceeds to declare the citations "fake." This contradiction illustrates a lack of due diligence inconsistent with judicial neutrality. Where a variant of a citation exists, the appropriate procedural remedy is correction, not condemnation.

---

V. THE PLAINTIFF'S BRIEF COMPLIES WITH FEDERAL RULE OF APPELLATE PROCEDURE 28(a)(8)(A)

The Plaintiff's brief provided argument, reasoning, and citation to legal authority sufficient to satisfy FRAP 28(a)(8)(A). The rule requires "contentions and reasons, with citation to the authorities and parts of the record on which the appellant relies." It does not require citation perfection, nor does it authorize the Court to presume fraud where clerical inconsistency may exist. The governing standard is substantial compliance, not technical perfection. See Torres v. Oakland Scavenger Co., 487 U.S. 312, 316–17 (1988).

---

## VI. LEGAL REMEDY REQUESTED

Given the severity of judicial mischaracterization and procedural irregularity, Plaintiff respectfully requests:

1. That the Court retract or strike all references characterizing the Plaintiff's citations as "nonexistent," "fake," or "AI-generated";

2. That the record be amended to reflect the absence of verified evidence supporting those claims;

3. That Plaintiff's brief be accepted as substantially compliant under FRAP 28(a)(8)(A); and

4. That further proceedings occur without prejudice, and with recognition of Plaintiff's full constitutional rights to due process, equal protection, and fair adjudication.

---

## VII. CONCLUSION

The Plaintiff stands on the record as one who has acted in good faith and within the bounds of lawful procedure. The Court's conclusions, drawn from assumption rather than evidence, constitute reversible error and procedural violation. The law does not permit unverified conjecture to replace judicial fact-finding, nor does it sanction the degradation of a party's credibility based upon emerging technology or mistaken citation. The presumption of truth remains with the filer until proven otherwise by clear and convincing evidence—of which there is none here.

Respectfully submitted,

Rashonna Moore

Plaintiff, Pro Se

Date: 10/25/25

*[Notary seal: CHIH CHEN, Notary Public, State of Oklahoma, #12009054, Exp. 09/24]*

Notary 11/13/25

OORE
FOUNTAIN VIEW
MOND, OK 73013

9589 0710 5270 3231 1609 77

Retail
U.S. POSTAGE PAID
FCM LG ENV
EDMOND, OK 73013
NOV 13, 2025
$11.60
UNITED STATES POSTAL SERVICE
80257
RDC 99
S2324A502475-11

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT
OFFICE OF THE CLERK
BYRON WHITE UNITED STATES COURT HOUSE
1823 STOUT STREET
DENVER, COLORADO 80257